IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**GEORGE BERRY, JR.**                                                      **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 3:17-CV-164-MPM-RP**

**WHELAN SECURITY COMPANY**                                    **DEFENDANT**

## ORDER GRANTING MOTION TO COMPEL DISCOVERY

On December 27, 2017, Defendant Whelan Security Company filed a Motion to Compel Discovery from plaintiff George Berry, Jr. Docket 47, 48. According to Whelan's motion, plaintiff has not provided his pre-discovery disclosures and the deadline set by the Case Management Order expired on September 22, 2017. *Id.* Additionally, plaintiff has not responded to discovery requests propounded to him on September 20, 2017, and again on November 13, 2017 to cure a technical deficiency concerning notices of service on the docket. Docket 48 at 2. Further, Whelan asserts that it has attempted to obtain dates for the deposition of plaintiff, but he has failed to respond with any availability. *Id.* at 3. The court has reviewed defendant's motion and accompanying brief and, noting that plaintiff has not filed any response, finds that the motion to compel should be **GRANTED**.

Plaintiff is proceeding in this action *pro se* and is given more latitude than represented parties. Yet Plaintiff has not responded to defendant's motion despite defendant's good faith effort to resolve these issues with plaintiff via correspondence.

Federal Rule of Civil Procedure 26(a)(1)(A) requires that parties, without awaiting a discovery request, provide (i) the names, addresses, and telephone numbers of individuals likely to have discoverable information, along with the subject of that information, that may be used to

support any claims or defenses; (ii) a copy (or description and location) of all documents, electronically stored information, and/or tangible things in the disclosing party's custody that may be used to support any claims or defenses; (iii) a computation of each category of damages claimed by the disclosing party as well as the documentation on which each computation is based; and (iv) any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment or to indemnify or reimburse for any payments made to satisfy a judgment. Under Rule 26(a)(1)(C), these pre-discovery, initial disclosures must be made by the time set by the Case Management Order – September 22, 2017.

Federal Rule of Civil Procedure 33(b)(2) requires Plaintiff to respond to BWW's interrogatories within 30 days after service. Federal Rule of Civil Procedure 34(b)(2)(A) similarly requires that Plaintiff respond in writing to requests for production of documents within 30 days after service. Regarding BWW's requests for admissions, Federal Rule of Civil Procedure 36(a)(3) maintains that "a matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Per the Rules, Plaintiff's deadline to respond to the discovery requests propounded by defendant expired at the earliest on October 20, 2017, but certainly no later than December 13, 2017.

Because Plaintiff is proceeding *pro se*, the Court will grant Plaintiff additional time to serve his pre-discovery disclosures and responses to BWW's discovery requests. **Plaintiff's pre-discovery disclosures and all responses to Interrogatories, Requests for Production of Documents, and Requests for Admissions are due by February 5, 2018. Additionally, Plaintiff must provide counsel for defendant with dates for his deposition by February 5, 2018. Plaintiff is forewarned that his failure to comply with this Order will result in**

**sanctions, up to and including an order requiring Plaintiff to pay reasonable attorney's fees incurred by defendant and DISMISSAL of all Plaintiff's claims.**

**SO ORDERED**, this the 22nd day of January, 2018.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE